MITCHELL B. MALACHOWSKI (SBN: 245595)
mmalachowski@ssdlawoffice.com
SLATTERY, SOBEL & DECAMP, LLP
12250 El Camino Real, Suite 120
San Diego, CA 92130
Telephone: (858) 793-6244
Facsimile: (858) 793-6005

Attorneys for Plaintiff:
PACIFIC BAY RECOVERY INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BAY RECOVERY INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ELEMENTS BEHAVIORAL HEALTH, INC., a Delaware corporation;<br>RECOVERY BRANDS, LLC,, a California limited liability company; and<br>DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  '17CV1563 BAS JLB<br><br>**COMPLAINT FOR:**<br><br>(1) FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION (FEDERAL LANHAM ACT VIOLATION – 15 U.S.C. § 1125(A))<br><br>(2) STATE AND COMMON LAW TRADEMARK INFRINGEMENT<br><br>(3) INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE<br><br>(4) CIVIL CONSPIRACY<br><br>**DEMAND FOR JURY TRIAL [FRCP 38]** |

1

COMPLAINT

# INTRODUCTION

1. This is an action at law and in equity, for the recovery of damages and injunctive relief, for Trademark Infringement and Unfair Competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("Lanham Act") and California Common and Statutory Law.

2. Defendants Elements Behavioral Health, Inc. and Recovery Brands, LLC ("Defendants") have misappropriated and are using Plaintiff Pacific Bay Recovery Inc.'s valuable service mark "PACIFIC BAY RECOVERY" in the marketing, advertising, promotion, offering and rendering of services in the field of addiction treatment. Together, Defendants have developed a series of drug addiction treatment websites purportedly acting as searchable "directories" for those in need of treatment attempting to contact or locate named facilities and/or facilities in their area, yet unknown to the site visitors, these websites are paid advertisements for Defendant Elements, matching the search results by the visitor with an invitation to be called by a Recovery Brands operator, which quickly diverts the prospective patient to one of the many Defendant Elements-owned facilities. Defendants' rendering of this web of deceptive and misleading advertisements using the valuable "PACIFIC BAY RECOVERY" trademark (and many other third party competitor trademarks) for their own related and/or identical services, has, and is likely to continue to cause confusion and to deceive consumers and the public regarding their source.

# PARTIES

3. Plaintiff is a corporation organized under the laws of the State of California with its principal place of business located in San Diego County, California.

/ / /

/ / /

4. Defendant Elements Behavioral Health, Inc. (hereinafter "Elements") is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Los Angeles County, California.

5. Defendant Recovery Brands, LLC (hereinafter "Recovery Brands") is a limited liability company organized under the laws of the State of California with its principal place of business located in San Diego County, California.

6. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitious named defendants are legally responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs complained herein by providing financial support, advice, resources, or other assistance. Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

7. Plaintiff is informed and believes that all defendants were agents, servants, and employees of their co-defendants, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents, servants, and employees with the permission and consent of their co-defendants.

8. Plaintiff is informed and believe, and on that basis allege, that Elements and Recovery Brands are, and at all relevant times herein was, the alter-egos of defendants Does 1–15, inclusive, and there exists, and at all relevant times herein has existed, a unity of interest and ownership between Elements, Recovery Brands, and Does 1–15, inclusive, such that any separateness has ceased to exist and the Court must pierce the corporate veil and hold Does 1–15 personally liable for the acts and omissions of Elements and Recovery Brands.

**JURISDICTION & VENUE**

9. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (Trademark/Unfair Competition), 28 U.S.C. §§ 1331 (Federal Question Jurisdiction) and 1338 (Trademark).

10. This Court has supplemental jurisdiction over the non-federal claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), as they are part of the same case or controversy as the claims arising under the laws of the United States.

11. Venue is proper in this jurisdiction district pursuant to 28 U.S.C. §1391(b), because Defendants conduct substantial business and are subject to personal jurisdiction in this District.

12. This Court has personal jurisdiction over the Defendants because both Defendants maintain their headquarters in California, and therefore purposefully availed themselves of the privilege of conducting activities of California, thus invoking the benefits and protections of California law.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**Plaintiff Pacific Bay Recovery and the Pacific Bay Recovery Trademark**

13. Plaintiff is a private and exclusive drug and alcohol treatment center and detoxification program headquartered in San Diego, California, offering addiction treatment services.

14. Since as early as 2013, Plaintiff has marketed and rendered its addiction treatment services throughout the United States.

15. Plaintiff is the owner of the common law trademark rights in PACIFIC BAY RECOVERY (the "PACIFIC BAY Mark").

16. Plaintiff adopted and began using the PACIFIC BAY Mark in interstate commerce at least as early as 2013. The PACIFIC BAY Mark appear on virtually all Plaintiff marketing and advertising materials for Plaintiff's Services, including but not limited to being prominently displayed on Plaintiff's website located at www.pacificbayrecovery.com.

17. Based on the distinctive character and nature of the PACIFIC BAY Mark and the continuous and uninterrupted use of the PACIFIC BAY Mark in

interstate commerce, consumers have come to associate the PACIFIC BAY Mark and services provided under the marks exclusively with Plaintiff.

18. Further, as a result of Plaintiff's highly distinctive and original PACIFIC BAY Mark and years of superior service, Plaintiff has developed substantial and significant consumer recognition, trust, loyalty and goodwill in and to its PACIFIC BAY Mark. Indeed, Plaintiff's establishment and maintenance of this public recognition, trust, loyalty and goodwill has been a significant factor in its financial growth and success.

19. Plaintiff has acquired strong common law rights in its PACIFIC BAY Mark, based at least in part on its continuous and uninterrupted use of its PACIFIC BAY Mark in commerce in connection with the advertising, sale and distribution of its services, among other things. Plaintiff's rights in its PACIFIC BAY Mark are superior to any rights that Defendants may claim in and to the PACIFIC BAY Mark or any mark that is confusingly similar thereto.

20. Plaintiff markets, promotes and advertises its addiction treatment services nationally and internationally to prospective patients looking for help treating alcohol and drug addiction problems.

21. Plaintiff employs the use of national marketing and internet-based advertising to promote its services under the PACIFIC BAY Mark.

22. Plaintiff treats patients attracted from across the country and internationally, as it is not uncommon for patients to travel to a facility separate, and often a significant distance, from their home, family, friends and life in order to enroll in a facility known to offer highly successful treatment plans.

/ / /

/ / /

/ / /

**Defendant Elements**

23. Defendant Elements is a direct competitor of Plaintiff, offering treatment and rehabilitation programs in drug and alcohol addiction, sex addiction, eating disorders, and mood and personality disorders.

24. Although headquartered in Long Beach, California, Defendant Elements offers treatment locations nationally in California, Pennsylvania, Utah, Florida, Texas, Tennessee, and Arizona, under such names as "Clarity Way," "Promises," "Journey," "Lucida," "The Ranch," "The Recovery Place," "The Right Step" and others.

25. Upon information and belief, Defendant Elements first offered its addiction treatment services in 2008 with the launch of its "Promises" locations.

26. Upon information and belief, much like Plaintiff, Defendant Elements draws customers/patients nationally, often as a result of national reputation and internet-based advertising to potential customers/patients seeking treatment for various addictions.

27. Defendant Elements also employs "Regional Outreach Directors" assigned to specific U.S. geographic territories, including individuals covering California.

**Defendant Recovery Brands**

28. Upon information and belief, Defendant Recovery Brands is an internet marketing company, focusing primarily on the addiction treatment industry.

29. As promoted on the Defendant Recovery Brands' website (www.recoverybrands.com), its services include providing Internet directory sites and directory listings for treatment facilities, purportedly assisting consumers in finding the right treatment facility for their addiction treatment needs, as well as

helpline support, and placing targeted advertisements on Defendant Recovery Brands' family of addiction treatment sites.

30. Upon information and belief, Defendant Recovery Brands "family of addiction treatment sites" include, but are not limited to, www.rehabs.com ("Rehabs.com") (collectively the "Recovery Brands Websites"), and likely many others, each offering similar directory, call center, and targeted advertising services for addiction treatment centers.

31. Upon information and belief, Defendant Elements and Defendant Recovery Brands are partners in operating the Recovery Brands Websites, providing addiction treatment center directory services, advertising Defendant Elements' "Promises" centers, and working with Defendant Elements to operate call centers for each site.

32. Upon information and belief, the Recovery Brands Websites have all operated in a substantially similar manner since 2012.

### Rehabs.com

33. Each of the Recovery Brands Websites present initially as a basic online directory, providing information about a wide variety of addiction treatment facilities nationally.

34. The Rehabs.com site, for example, offers a search function where one may insert their zip code and/or search for a particular name or location of a facility directly.

35. When one inserts the name or location of a particular addiction treatment facility in the Rehabs.com search engine, a results page appears, identifying the location searched. When the term "PACIFIC BAY" is searched, a page describing the Pacific Bay location and photographs of the facility are displayed. Pacific Bay's own phone number is not displayed.

36. In addition to providing a photo and address for the Pacific Bay Recovery location on Rehabs.com, a prominent button is labeled "Contact Rehabs.com."

37. When this button is clicked, the website urges the user to enter their phone number, so that a representative can call them.

38. Upon information and belief, when one enters their phone number into the website, an operator attempts to divert the potential customer/patient to a facility owned and operated by Elements, rather than the originally intended facility searched.

39. To date, Plaintiff has never received a referral nor been connected to a potential customer/patient as a result of an inquiry made for PACIFIC BAY RECOVERY via Rehabs.com.

40. Upon information and belief, potential customer/patients of Plaintiff's PACIFIC BAY RECOVERY facilities, who have used the Rehabs.com directory, have been diverted from Plaintiff to Defendant Elements and/or a third-party treatment center recommended by Defendant Elements.

## FIRST CLAIM FOR RELIEF

**(False Designation of Origin, Passing Off, and Unfair Competition)**

**(Federal Lanham Act Violation – 15 U.S.C. § 1125(A))**

41. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1 through 40, inclusive, of this complaint as though fully set forth herein.

42. As a result of longstanding and extensive use in interstate commerce and wide recognition among the addiction treatment community, for addiction treatment-related facilities and services, Plaintiff's PACIFIC BAY Mark has become distinctive as an indicator of the source of addiction treatment facilities

and services. The public associates and identifies the PACIFIC BAY Mark with Plaintiff.

43. Defendants' conduct in the offering, promoting, marketing, advertising and/or rendering of competing services using identical and infringing trademark PACIFIC BAY RECOVERY in their marketing and advertising on their jointly operated "directory" sites such as DrugAbuse.com, Rehabs.com, and 4Rehabs.com constitutes false designation of origin or sponsorship of said services and tends to falsely represent that said services originate from Plaintiff or that Defendants have been sponsored, approved, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff, when they are not.

44. Defendants' conduct is likely to confuse, mislead, and deceive the users/consumers of Defendants' services, and members of the public as to the origin of said infringing services, or cause said persons to believe that those infringing services or Defendants have been sponsored, approved, authorized, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

45. Defendants' activities as aforesaid constitute use in commerce of Plaintiff's PACIFIC BAY Mark.

46. Defendants' actions were and are done willfully with full knowledge of the falsity of such designations of origin and false description or representations, and with the express intent to cause confusion, mislead and deceive the purchasing/consuming public, to trade upon the high quality reputation of Plaintiff, and to improperly appropriate the valuable trademark/service mark rights of Plaintiff, all to the detriment of Plaintiff.

47. Defendants' acts as aforesaid constitute false designation of origin, passing off, and unfair competition in connection with services rendered in

interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendants' unauthorized use of mark confusingly similar to Plaintiff's PACIFIC BAY Mark is greatly and irreparably damaging to Plaintiff in the form of: (a) loss of income (ability to secure new patients/customers shopping for treatment facilities); (b) interference with Plaintiff's ability to exploit its own rights in the PACIFIC BAY Mark; (c) confusion in the marketplace as to the duly authorized source of services rendered in conjunction with Plaintiff's PACIFIC BAY Mark; and (d) impairment of the goodwill that Plaintiff has developed in the PACIFIC BAY Mark, and, if Defendants' unauthorized use is not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its PACIFIC BAY Mark and to the respective business, reputation, and goodwill of Plaintiff.

49. Plaintiff has no adequate remedy at law, and if Defendants' activities are not enjoined, Plaintiff will suffer irreparable harm and injury as a result thereof.

50. Plaintiff will be further harmed by the fact that it has no control over the quality of the services rendered by Defendants (both the treatment services offered by Defendant Elements and the marketing/advertising of those services as offered by both Defendants on the Recovery Brands Websites) and purchasers/consumers of those services may attribute to Plaintiff any dissatisfaction with the quality of Defendants' services.

51. Defendants' wrongful acts will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (State and Common Law Trademark Infringement)

52. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1 through 51, inclusive, of this complaint as though fully set forth herein.

/ / /

53. Consumers have been and are likely to be confused by the similarity of Defendants' use of the PACIFIC BAY Mark in connection with the advertising, marketing, promotion, offer, and rendering of Defendant Elements services with those identical services offered under Plaintiff's PACIFIC BAY Mark.

54. Defendants' aforesaid acts constitute trademark/service mark infringement under the statutory and Common Law of California, including under California Business & Professions Code §§ 14200, *et seq.*, as Defendants' unauthorized use of the PACIFIC BAY Mark in the advertisement, marketing, promotion, offer and rendering of its services to consumers residing in the State of California, is likely to cause confusion as to the source and origin of Defendants' services.

55. The aforesaid acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## THIRD CLAIM FOR RELIEF
**(Intentional Interference with Prospective Business Advantage)**

56. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1 through 55, inclusive, of this complaint as though fully set forth herein.

57. Upon information and belief, Defendants had knowledge of a prospective contractual relationship between customers/patients visiting the Recovery Brands Websites and Plaintiff.

58. Upon information and belief, Defendants intended to disrupt, harm and interfere with Plaintiff's relationship with these customers/patients by diverting them to Defendant Elements representatives and facilities via the use of

the Recovery Brands Websites where competitor information could be viewed and additional Defendants-related and other services could be pitched.

59. Plaintiff never authorized such conduct by Defendants.

60. Plaintiff has been harmed by Defendants' unauthorized conduct.

## FOURTH CLAIM FOR RELIEF
### (Civil Conspiracy)

61. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1 through 60, inclusive, of this complaint as though fully set forth herein.

62. Each of the Defendants acted in concert with one another to misappropriate Plaintiff's PACIFIC BAY Mark; to unfairly compete by use of advertising, promotion and marketing efforts on the Recovery Brands Websites, using Plaintiff's PACIFIC BAY Mark to attract Plaintiff patients for enrollment, but thereafter divert them to competing Defendant Elements services, among other forms of culpable conduct.

63. Defendants, by reason and virtue of the conduct alleged herein, wrongfully and unlawfully acted in concert, and thus intentionally and deliberately conspired to misappropriate and infringe Plaintiff's PACIFIC BAY Mark and divert patients from their intended facilities in order to prevent Plaintiff from rendering services and collecting fees.

64. As a direct and proximate result thereof, Plaintiff has suffered damages.

## PRAYER

WHEREFORE, Plaintiff respectfully request the following relief:

A.   An Order preliminarily and permanently enjoining Defendants from:

///

///

(1) Using the PACIFIC BAY Mark and any other reproduction or imitation thereof in connection with offering or providing or any services not originating with Plaintiff or authorized in writing by Plaintiff;

(2) From using the PACIFIC BAY Mark and any other reproduction or imitation thereof in connection with offering or providing of any services in any manner likely to cause confusion, to cause a mistake or to deceive the relevant trade and/or the public;

(3) Using the PACIFIC BAY Mark and any other reproduction or imitation thereof in connection with offering or providing of any services, including, but not limited to in any manner so as to dilute or tarnish the distinctive quality of such marks;

(4) Committing any acts which may cause visitors, potential customers/ patients, and/or the public to believe that Defendants' services are identical to, related to, or are sponsored or authorized by Plaintiff;

(5) Committing any acts calculated to cause purchasers, potential purchasers, donors and/or the public to believe that Defendants are in any way related and/or affiliated with/to Plaintiff;

(6) Otherwise competing unfairly with Plaintiff in any manner; and

(7) Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities prohibited by sub-paragraphs (1) through (6) herein above;

B. An Order requiring Defendant Elements to provide a full accounting of any and all monies received from the placement of any patients in its facilities resulting from a search for Pacific Bay Recovery on the Recovery Brands Websites;

///

C.   An Order requiring Defendant Recovery Brands to provide a full accounting of any and all monies received commissions or finder's fees from the placement of any patients in in Defendant Elements' facilities resulting from a search for Pacific Bay Recovery on the Recovery Brands Websites;

D.   Plaintiff be awarded damages in an amount to be determined at trial, including those pursuant to 15 U.S.C. §1117(a) for Defendants' Trademark Infringement/Unfair Competition determined as: (1) Defendants' profits, (2) any damages sustained by Plaintiff, and (3) the costs of the action (including, but not limited to expert witness fees), together with Prejudgment and Post-Judgment Interest;

E.   Plaintiff be awarded the greater of three times Defendants' profits or three times any damages sustained by Plaintiff and prejudgment interest;

F.   That the Court find Defendants' infringement activities qualify as "Exceptional" under 15 U.S.C. § 1117(a);

G.   That Defendants be required to pay Plaintiff's costs of this action together with reasonable attorneys' fees and disbursements;

H.   Plaintiff be awarded its actual damages and lost profits in an amount to be proven at trial;

I.   Defendants be required to post a Notice on the header of each of the Recovery Brands Websites prominently identifying the relationship between the Defendants and informing visitors and potential patients that this is a paid advertisements site promoting the services of Defendant Elements, and that imitating contact through the website will put the visitor in contact with the call center for Defendant Elements, not an independent third party;

J.   Defendants Elements and Recovery Brands be found jointly and separately liable for all damages awarded;

K.     All other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury with respect to all issues triable to a jury.

Dated: August 3, 2017                    SLATTERY, SOBEL & DECAMP, LLP


By:/s/ Mitchell B. Malachowski
Mitchell B. Malachowski
mmalachowski@ssdlawoffice.com
Attorneys for Plaintiff PACIFIC BAY RECOVERY INC.